UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

TIMOTHY GUERRA,              )
                             )
        Plaintiff,           )
                             )
    vs.                      )    Case No. 2:03-CV-85 (CEJ)
                             )
GARY KEMPKER, et al.,        )
                             )
        Defendants.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on the joint motion of the medical defendants to dismiss for failure to state a claim for relief, pursuant to Rule 12(b)(6). Plaintiff has filed an opposition to the motion.

Plaintiff is an inmate at the Farmington Correctional Center (FCC). He seeks monetary, declaratory, and injunctive relief pursuant to 42 U.S.C. § 1983 against several defendants. Defendants Arthur S. Kieper, Thomas Baker, Elizabeth Conley, Susan Cox, and Rebecca Johnston are physicians or nurses providing medical care to inmates. In the instant motion to dismiss, the medical defendants contend that plaintiff's amended complaint fails to allege that they engaged in conduct that violated plaintiff's constitutional rights.

**I.   Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## II. **Plaintiff's Allegations**

Plaintiff's amended complaint consists of more than 90 pages and purports to assert 179 counts.

Defendants Kieper, Conley, Baker, and Cox are named in paragraphs V and X as medical doctors for Correctional Medical Services. Plaintiff states that these defendants:

> have the duty and the power to prevent and correct violations of inmate[s']civil rights and are responsible to provide inmates a constitutionally acceptable level of adequate and necessary medical care and treatment. They are responsible to train and be trained and supervise nursing staff, themselves, their subordinates and staff . . . They have sufficient authority for their actions to represent the official policies of the State of Missouri. They are final policy makers and enforcers.

Defendant Johnston, originally named as "Nurse Jane Doe,"[1] is named in paragraph Z-1. Plaintiff states that her duties are to assist the physicians and to see inmates, to refer inmates to physicians, and to write "work lay-ins as necessary to protect inmates['] rights from being violated by them being referred to do work above their physical ability to perform."

A heading on page 23 of the amended complaint states: <u>ALL DEFENDANTS ARE SUED BOTH IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES</u>. Under this heading, plaintiff alleges that:

> each of the named defendants have acted or failed to act causing the violations herein contained and encouraged, directed, ratified, and knowingly acquiesced to violate plaintiff's rights, and did so individually, severally and in pursuance of a common plan or design singling out plaintiff for harsh and discriminatory treatment.
>
> [A]ll named defendants have further acted as final policy makers, and as if they had sufficient authority for his or her decisions to represent the official policy of the Missouri Department of Corrections. Each acted by personal participation or by acting or failing to act establishing and carrying out a policy that results in violation of plaintiff's rights.

Another heading appears on page 74: LACK OF ADEQUATE MEDICAL AND PSYCHIATRIC CARE-TREATMENT. The following paragraph, #161, identifies the "defendants in this portion" of the complaint, including the movants. No factual allegations are made in this paragraph. In paragraph # 162, plaintiff "alleges deliberate indifference to his serious medical and psychiatric needs." Plaintiff also alleges that unspecified "defendants" were

---

[1] On July 19, 2004, the Court ordered the Clerk of Court to substitute Rebecca Johnston for "Jane Doe, Nurse," in accordance with plaintiff's notice to the Court.

-3-

"deliberately indifferent" in denying prescribed treatment, requiring plaintiff to do physical work, by failing to protect him, by knowingly wounding him, and by retaliating against him, all in violation of state statutes governing offender treatment.[2]

In the next several paragraphs, plaintiff makes several specific allegations without naming the responsible actor. For example, in paragraph 163, plaintiff alleges that he was denied crutches by an unspecified person; he also alleges that "defendants" falsified reports regarding the size of a bruise. Similarly, in paragraphs 169 through 171, plaintiff alleges that "defendants" do not have an adequate drug formulary or protocols for obesity or hepatitis.

The only allegations attributing conduct to any of the movants occur in paragraphs 176 and 180. In paragraph 176, plaintiff alleges that defendant Johnston told him that she would ensure that he spent "the rest of his time in disciplinary segregation" if he did not stop requesting care. In the same paragraph, plaintiff states that he has "low hormone levels." He asserts that he has determined that "there are 2 causes" for this condition and "both are cancers." He alleges that he showed defendant Cox a growth on his scrotum, which she "tried to explain away" as epiditimis without conducting tests or allowing examination by an expert. As a result of "defendants['] refusal to investigate," plaintiff has

---

[2]Plaintiff alleges the following statutes were violated: § 217.245, Mo. Rev. Stat. (governing the procedure for medical excuses from physical activity); § 217.405 (proscribing use of physical force, including "wounding"); and § 217.410 (establishing a duty to report offender abuse).

been "subjected . . . to the possible spread of cancer to the rest of his body."

In paragraph 180, plaintiff alleges that defendants Cox and Johnston refused to renew his medical lay-in by evaluating only a testicular mass and not his condition as a whole. As a result, plaintiff alleges, he was required to perform work that aggravates his medical conditions.

### III. Discussion

To succeed on a claim of deprivation of medical care in violation of the Eighth Amendment, plaintiff must prove that defendants were deliberately indifferent to his serious medical needs. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). Plaintiff must demonstrate that the medical deprivation was objectively serious and that the defendants subjectively knew about the deprivation and refused to remedy it. Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997). An official acts with the requisite deliberate indifference when that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence or medical malpractice are insufficient to rise to a constitutional violation. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In addition, a prisoner's disagreement with the medical care provided does not constitute a constitutional violation. Phillips v. Jasper County

Jail, 437 F.3d 791, 795 (8th Cir. 2006). Finally, a plaintiff cannot rely upon *respondeat superior* in bringing a claim under § 1983. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff has not attributed any specific actions to defendants Kieper, Baker and Conley and thus has failed to allege sufficient personal involvement by these defendants to sustain a deliberate indifference claim against them. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001); see also Martin v. Sargent, 780 F.2d 1334, 1339 n.2 (8th Cir. 1985) (allegation of improper medical treatment failed where inmate did not identify treatment provider). Plaintiff's allegation that defendant Johnston threatened him with seclusion similarly fails. Verbal threats, without more, are insufficient to state a claim for retaliation. Id. at 1338 (defendant's statement that inmate would lose status and have "a bad time" if he refused to cut his hair did not state cognizable claim).

The Court concludes that plaintiff's claim that defendant Cox did not evaluate his testicular mass warrants further development. See Taylor v. Roper, 83 Fed. Appx. 142, 143-44 (8th Cir. 2003) (reversing dismissal of inmate's complaint with respect to physician's alleged failure to treat). Similarly, plaintiff may be able to present evidence to establish that Johnston and Cox were deliberately indifferent to a serious medical need by refusing to issue him a work lay-in. See Williams v. Norris, 148 F.3d 983, 986-87 (8th Cir. 1998) (plaintiff must prove defendants knowingly

compelled him to perform labor beyond his strength, dangerous to his life, or unduly painful).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Keiper, Baker, Conley, Cox, and Johnston to dismiss [#60] is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that plaintiff's amended complaint is dismissed with respect to defendants Keiper, Baker, and Conley.

An order of dismissal shall accompany this memorandum and order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2006.