```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION
```

TIMOTHY GUERRA,                )
                               )
            Plaintiff,         )
                               )
      vs.                      )       Case No. 2:03-CV-85 (CEJ)
                               )
GARY KEMPKER, et al.,          )
                               )
            Defendants.        )

### MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by defendants Gary Kempker, James Gammon, Teresa Thornburg, Tom Anderson, Sherry Blattel-Dunseith, Lisa Pogue (nee Falkner), Terry Barnes, Terry Winston, James Rockenfeld, R. Arends, Dean Minor, Tom Clements, Roger Dennison, Troy Steele, Larry Scott, and Sara Litterst. Defendants argue, *inter alia*, that plaintiff failed to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff opposes the motion.

Plaintiff is an inmate at the Northeast Correctional Center. He seeks monetary, declaratory, and injunctive relief pursuant to 42 U.S.C. § 1983 against the moving defendants and several medical providers. Plaintiff alleges that defendants denied him his constitutional rights to adequate medical and psychiatric treatment, freedom of speech, due process, equal protection, freedom of association, access to the courts, and freedom from cruel and unusual punishment. In addition, plaintiff alleges that defendants retaliated against him, violated his right to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"confidentiality in legal mail," censored his mail, and exposed him to health and safety violations.

**Discussion**

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies before bringing an action challenging prison conditions under § 1983. 42 U.S.C. § 1997e(a). In order to properly exhaust his remedies, the inmate must identify by name during the grievance process each individual defendant he later sues in federal court. Dashley v. Correctional Medical Services, Inc., 345 F.Supp.2d 1018, 1024 (E.D. Mo. 2004). "[A] prisoner who filed a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances." Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006). In addition, when an inmate joins multiple prison-condition claims in a single complaint, § 1997e(a) requires that he exhaust all available prison grievance remedies as to all of his claims prior to filing suit in federal court. Id. If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. Id.; Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).

To initiate the grievance process under the regulations of the Missouri Department of Corrections, an inmate must file an Informal Resolution Request (IRR) within fifteen days of the incident. Missouri Department of Corrections Policy D5-3.2, § III.K.1 (eff.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

January 1, 2004). The inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. § III.L.1. If the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within seven calendar days of the response. § III.M.1.[1] A prisoner is considered to have exhausted the grievance process after filing and receiving responses to his IRR, Inmate Grievance, and Grievance Appeal. O'Neal v. Correctional Medical Services, 2005 WL 2674944 at *1 (E.D. Mo. Oct. 20, 2005).

The grievance record establishes that plaintiff failed to initiate the grievance procedure by filing an IRR with respect to the following claims for relief:

> In Count 27, plaintiff alleges that unspecified "defendants" refused to allow plaintiff to call his father at the hospital before his father passed away.
>
> In Count 157, plaintiff alleges that defendant Dr. Hampton gave him an overdose of potassium.
>
> In Count 160, plaintiff alleges that unspecified "defendants" lack a proper protocol for diagnosing and treating hepatitis.
>
> In Count 161, plaintiff alleges that unspecified "defendants['] oppressive and restrictive environment contributes unnecessarily and unconstitutionally to forced excessive exposure to T.B., Hep. c, and other diseases."
>
> In Count 164, plaintiff alleges that "Moberly Correctional Center infirmary, chow halls and cells are filthy with roaches and vermin present."

---

[1]Prior to January 1, 2004, the procedures provided for a second grievance appeal, to be filed within five working days. See Missouri Department of Corrections Policy D5-3.2, § III.N. (eff. June 6, 2002). However, completion of a second appeal was not necessary to exhaust a claim for the purposes of federal law. § III.M.12.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> In Counts 143 and 172, plaintiff alleges that defendants improperly required him to attend the Missouri Sexual Offenders program and register as a sex offender.
>
> In Count 178, plaintiff complains that "on or about 3-18-04, defendants Steele, Scott and Litterst" improperly censored a letter from a friend in Norway.

Plaintiff alleged in his amended complaint that he exhausted the "main issues," but that prison regulations did not permit him to grieve "each individual repetitive incident." Grievance procedures provide that, "Specific issues or incidents will be addressed only once by informal resolution request or offender grievance." § III.F.3. Restrictions may be imposed upon offenders who "misuse" the process by filing duplicative complaints. § III.F.4. In this instance, however, plaintiff failed to grieve unique claims that would not have run afoul of the bar on duplicative complaints. Plaintiff's amended complaint suffers from an additional infirmity in that he filed no grievances against defendants Kempker, Blatted-Dunseith, Barnes, and Clements.

Because plaintiff has failed to exhaust all administrative remedies with respect to each claim in his complaint and has failed to exhaust a claim against each named defendant, his complaint must be dismissed for failure to comply with the requirements of 42 U.S.C. § 1997e(a).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#118] is **granted**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an overlength brief [#132] is **granted**.

The Court will enter a separate dismissal order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com